IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES, | ) | Case No. 2:05-cr-121 DAE (RJJ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT D. KAHRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT ROBERT KAHRE'S
MOTION TO DISMISS COUNT 56 OF THE THIRD
SUPERSEDING INDICTMENT BASED ON (1) RULE OF LENITY
AND LACK OF NOTICE REQUIRED BY DUE PROCESS; AND
(2) FATALLY DEFECTIVE PURSUANT TO RULE 12(b)(3)(B), F. R. CRIM. P.

On April 13 through 15, 2009, the Court conducted hearings in the
instant case.  J. Gregory Damm, Assistant U.S. Attorney, and Christopher J.
Maietta, Trial Attorney, U.S. Department of Justice, appeared at the hearings on
behalf of the Government; William A. Cohan, Esq., appeared at the hearings on
behalf of Defendant Robert Kahre; Lisa A. Rasmussen, Esq., appeared at the
hearings on behalf of Defendant Robert Kahre; Lynn Panagakos, Esq., appeared at
the hearings on behalf of Defendant Cline; Michael J. Kennedy, Assistant Federal
Public Defender, appeared at the hearings on behalf of Defendant Lori Kahre; and
Joel F. Hansen, Esq., appeared at various times at the hearings on behalf of

Defendant Alexander Loglia.  During these hearings, the Court announced that it intended to take several of the pending motions under advisement and would not hear oral argument thereon.  One of these motions was Defendant Robert Kahre's Motion to Dismiss Count 56 of the Third Superseding Indictment Based on (1) Rule of Lenity and Lack of Notice Required by Due Process; and (2) Fatally Defective Pursuant to Rule 12(b)(3)(B), F. R. Crim. P.  After reviewing the motion, joinders, and the supporting and opposing memoranda, the Court DENIES Defendant's Motion and related joinders.

## BACKGROUND

The parties are well aware of the factual background of this case and so this Court will only recite those facts relevant to the instant motion.

On April 5, 2005, the United States filed two indictments against Robert Kahre, various family members, and other associates of his business.  The defendants were charged with numerous counts of Willful Failure to Collect/Pay Over Tax, Conspiracy to Attempt to Evade or Defeat Tax, Attempt to Interfere with Administration of Internal Revenue Law, and Wire Fraud.

The United States prosecuted the criminal case, which began in May 2007 against Robert Kahre and eight other defendants.  On September 17, 2007, a

jury returned no verdict as to any counts against defendants Robert Kahre, Lori

Kahre, and Alexander Loglia.  (Doc. # 1626.)

On November 20, 2007, the United States filed a Third Superseding

Criminal Indictment (the "TSI"), charging Robert Kahre and others with 79

criminal counts (59 counts as to Robert Kahre individually).  (Doc. # 1671.)

Defendant Kahre is charged with, inter alia, one count of attempting to interfere

with the administration of the internal revenue law, in violation of 26 U.S.C. §

7212(a) ("Count 56").  Defendants Cline and Lori Kahre are likewise charged

under Count 56.  The TSI alleges that Defendant Kahre, along with Defendants

Cline and Lori Kahre, corruptly endeavored to obstruct or impede the

administration of the tax laws by "concealing and attempting to conceal from the

Internal Revenue Service, the nature and extent of Defendant Robert D. Kahre's

assets, and the location thereof by placing funds and property in the names of

nominees."  (TSI at 23-24.)  Defendant Cline is Defendant Kahre's wife[1] and

mother of his four children.  Defendant Lori Kahre is Defendant Kahre's sister.

On January 20, 2009, Defendant Kahre filed the instant motion to

dismiss Count 56 of the TSI.  (Doc. # 2122.)  Defendant Lori Kahre filed a joinder

---

[1]It is unclear whether Defendant Cline is Defendant Kahre's wife, common
law wife, fiancee, or girlfriend.  The Court relies on Defendant Kahre's statement
in his brief that she is, in fact, his wife.  (Mot. at 3.)

to the motion on January 23, 2009 (Doc. # 2128), as did Defendant Cline on February 12, 2009 (Doc. # 2191).  On March 6, 2009, the Government filed a consolidated response to several of Defendants' motions, which included an opposition to the instant motion.  (Doc. # 2232 at 5-9.)  Defendant Kahre filed his reply on March 20, 2009.  (Doc. # 2252.)

<u>STANDARD OF REVIEW</u>

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, a party may file a motion to dismiss based on "any defense, objection, or request that the court can determine without a trial of the general issue."  <u>See</u> <u>United States v. Shortt Accountancy Corp.</u>, 785 F.2d 1448, 1452 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1007 (1986).  "An indictment is sufficient if it (1) 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend' and (2) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  <u>United States v. Lazarenko</u>, 546 F.3d 593, 599 (9th Cir. 2008) (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974)).

In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true.  <u>Winslow v. United States</u>, 216 F.2d 912, 913 (9th Cir.), <u>cert. denied</u>, 349 U.S. 922 (1955).  "[A]n indictment 'should be read in its entirety, construed according to common

sense, and interpreted to include facts which are necessarily implied.'" <u>United States v. Berger</u>, 473 F.3d 1080, 1103 (9th Cir. 2007) (quoting <u>United States v. King</u>, 200 F.3d 1207, 1217 (9th Cir. 1999)).

"The government need not allege its theory of the case or supporting evidence, but only the 'essential facts necessary to apprise a defendant of the crime charged.'" <u>United States v. Buckley</u>, 689 F.2d 893, 897 (9th Cir. 1982) (quoting <u>United States v. Markee</u>, 425 F.2d 1043, 1047-48 (9th Cir.), <u>cert. denied</u>, 400 U.S. 847 (1970)).  In fact, an indictment that sets forth the charged offense in the words of the statute itself is generally sufficient.  <u>United States v. Johnson</u>, 804 F.2d 1078, 1084 (9th Cir. 1986).

<u>DISCUSSION</u>

Defendant Kahre seeks dismissal of Count 56 of the TSI based on (1) the rule of lenity and principles of due process as it relates to his placement of property in the names of family members and (2) Fed. R. Crim. P. 12(b)(3)(B) for failure to state an essential element of the offense.

I.    <u>Rule of Lenity</u>

Defendant Kahre argues that Count 56 of the TSI does not "rest on a clear rule of law" and must be dismissed based on principles of the rule of lenity. (Mot. at 6.)  The rule of lenity "requires ambiguous criminal laws to be interpreted

5

in favor of the defendants subjected to them."  United States v. Santos, --- U.S. ----,

128 S. Ct. 2020, 2025 (2008); see also United States v. Miranda-Lopez, 532 F.3d

1034, 1040 (9th Cir. 2008) ("The 'longstanding' rule of lenity requires us to

resolve any ambiguity in the scope of a criminal statute in favor of the

defendant.").  The Supreme Court has identified two policies underlying the rule.

"This venerable rule not only vindicates the fundamental principle that no citizen

should be held accountable for a violation of a statute whose commands are

uncertain, or subjected to punishment that is not clearly prescribed.  It also places

the weight of inertia upon the party that can best induce Congress to speak more

clearly and keeps courts from making criminal law in Congress's stead."  Santos,

128 S. Ct. at 2025.

　　　　　The rule is "applicable only where 'there is a grievous ambiguity or

uncertainty in the language and structure of [an] Act, such that even after a court

has seize[d] every thing from which aid can be derived, it is still left with an

ambiguous statute.'"  United States v. Bendtzen, 542 F.3d 722, 728-29 (9th Cir.

2008) (quoting Chapman v. United States, 500 U.S. 453, 463 (1991) (second

alteration in original, internal quotation marks and citations omitted)); see also

United States v. Technic Servs., Inc., 314 F.3d 1031, 1052 (9th Cir. 2002) (noting

that application of the rule of lenity is appropriate only if the statutes are "truly

6

ambiguous").  "A statute is not ambiguous simply because it is possible to construe a statute narrowly . . . Rather, the rule of lenity is reserved 'for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute.'"  United States v. LeCoe, 936 F.2d 398, 402 (9th Cir. 1991) (quoting Moskal v. United States, 498 U.S. 103, 108 (1990)).

Analysis of whether the rule of lenity applies, therefore, must begin with the plain language of the statutes in question.  See, e.g., Gwaltney of Smithfield, Inc. v. Chesapeake Bay Found., Ltd., 484 U.S. 49, 56 (1987) ("It is well settled that 'the starting point for interpreting a statute is the language of the statute itself.'"); see also United States v. Beaudion, 416 F.3d 965, 968 (9th Cir. 2005).

In this case, the criminal statute at issue in Count 56 is not ambiguous. Count 56 alleges a violation of 26 U.S.C. § 7212(a), which criminalizes attempting to interfere with the administration of the internal revenue laws.  The statute reads: "[w]hoever corruptly . . . endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly . . . obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title," shall be guilty under the law.  26

7

U.S.C. § 7212(a).  The Government alleges that Defendant Kahre, along with

Defendants Cline and Lori Kahre, corruptly endeavored to obstruct or impede the

administration of the tax laws by "concealing and attempting to conceal from the

Internal Revenue Service, the nature and extent of Defendant Robert D. Kahre's

assets, and the location thereof by placing funds and property in the names of

nominees."  (TSI at 23-24.)

            This statute is not ambiguous.  It defines criminal behavior in clear

language that provides a defendant with notice of what conduct Congress intended

to punish.  "To prove a violation of § 7212(a), attempting to interfere with the

administration of the IRS, the government must prove (1) corruption, force, or

threat of force, and (2) an attempt to obstruct the administration of the IRS."

United States v. Hanson, 2 F.3d 942, 946 (9th Cir. 1993).  The Ninth Circuit has

interpreted the term "corruptly" in § 7212(a) as referring to any act "performed

with the intention to secure an unlawful benefit for oneself or for another."  Id.

"Mere evidence of an improper motive or bad or evil purpose is insufficient to

prove corruption."  Id. at 947.  Rather, the statute "is aimed at prohibiting efforts to

impede 'the collection of one's taxes, the taxes of another, or the auditing of one's

or another's tax records.'"  United States v. Kuball, 976 F.2d 529 (9th Cir. 1992)

(quoting <u>United States v. Reeves</u>, 752 F.2d 995, 998 (5th Cir.), <u>cert. denied</u>, 474 U.S. 834 (1985)).

In this case, the Government alleges that Defendants Kahre, Cline, and Lori Kahre tried to impede the IRS's ability to collect taxes owed by Defendant Kahre by placing certain property and assets in the names of Defendant Cline and Lori Kahre, thus out of the reach or knowledge of the IRS.  Defendant Kahre argues that buying property and placing title to the property in the name of loved ones and family members is not illegal and therefore he should not be criminally charged under § 7212(a) for actions that are otherwise legal.  (<u>See</u> Mot. at 3-10.)

While buying property in a family member's name is not, in and of itself, illegal, Defendants could properly be convicted under § 7212(a) if they were motivated by a desire "to secure an unlawful benefit for oneself or for another." <u>Hanson</u>, 2 F.3d at 946.  Therefore, the acts themselves need not be illegal if they were committed to secure an unlawful benefit.  Other circuits have held that "even legal actions [can] violate § 7212(a) if the defendant commits them to secure an unlawful benefit for himself or others."  <u>United States v. Wilson</u>, 118 F.3d 228, 234 (4th Cir. 1997); <u>see also</u> <u>United States v. Popkin</u>, 943 F.2d 1535, 1537 (11th

Cir. 1991) (defendant created a corporation for corrupt purposes), <u>cert. denied</u>, 503

U.S. 1004 (1992).

       Accordingly, there is no merit to Defendant Kahre's argument that the

rule of lenity should be invoked because § 7212(a) is ambiguous or criminalizes

legal behavior.  The statute is not ambiguous and the Government will bear the

burden at trial to prove beyond a reasonable doubt that Defendants Kahre, Cline,

and Lori Kahre acted with the intent to secure an lawful benefit for themselves or

for another.  If the jury finds that they acted, instead, with the intent to provide for

family members and children, then the jury may acquit Defendants.  At this

juncture, however, the TSI sufficiently alleges a violation of § 7212(a) and the

Court, therefore, DENIES Defendant Kahre's motion to dismiss based on the rule

of lenity.

## II.  Due Process

       Defendant also argues, with no citation or analysis, that Count 56 of

the TSI must be dismissed because principles of due process mandate that he be

given notice that his actions were illegal.  "It is a fundamental tenet of due process

that '[n]o one may be required at peril of life, liberty or property to speculate as to

the meaning of penal statutes.'"  <u>United States v. Batchelder</u>, 442 U.S. 114, 123

(1979) (quoting <u>Lanzetta v. New Jersey</u>, 306 U.S. 451, 453 (1939)).  "A criminal

statute is therefore invalid if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" Id. (quoting United States v. Harriss, 347 U.S. 612, 617 (1954)).

When reviewing a statute for vagueness, the court must "indulge a presumption of constitutionality." Baggett v. Bullitt, 377 U.S. 360, 372 (1964). In a civil context, if the law does not reach constitutionally protected conduct, the law must be found impermissibly vague in all of its applications. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 497 (1982). However, where "a statute imposes criminal penalties, the standard of certainty [that due process requires] is higher." Id. at 489. Where a statute imposes a criminal penalty, the court can invalidate it even when there is some valid application. See Kolender v. Lawson, 461 U.S. 352, 357 & 358 n.8 (1983).

A scienter or mens rea requirement, however, "may mitigate a law's vagueness." Village of Hoffman Estates, 455 U.S. at 499. Indeed, the Supreme Court "has long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of mens rea." Colautti v. Franklin, 439 U.S. 379, 395 (1979) (and cases cited therein).

11

> [T]he requirement of a specific intent to do a prohibited
> act may avoid those consequences to the accused which
> may otherwise render a vague or indefinite statute invalid
> . . . The requirement that the act must be willful or
> purposeful may not render certain, for all purposes, a
> statutory definition of the crime which is in some
> respects uncertain. But it does relieve the statute of the
> objection that it punishes without warning an offense of
> which the accused was unaware.

Screws v. United States, 325 U.S. 91, 101-102 (1945) (plurality opinion).

As discussed in Section I, regarding the rule of lenity, the criminal statute at issue is not ambiguous nor is it vague.  Vagueness challenges to § 7212(a) have been specifically rejected by other courts.  See United States v. Kelly, 147 F.3d 172, 176 (2d Cir. 1998); Popkin, 943 F.2d at 1540; Reeves, 752 F.2d at 999; United States v. Bostian, 59 F.3d 474, 478 (4th Cir. 1995); United States v. Yagow, 953 F.2d 423, 427 (8th Cir. 1992).  The Ninth Circuit, in an unpublished opinion, likewise found that § 7212(a) "is not unconstitutionally vague or overbroad."  United States v. Ring, 191 F.3d 462 (9th Cir. 1999).[2]

This Court, therefore, finds that the statute properly defines the prohibited conduct and delineates guidelines for law enforcement.  As such,

---

[2]The Court does not cite this case for precedential purposes but finds the reasoning persuasive.  See Ninth Cir. R. 36-3.

§ 7212(a) is not unconstitutionally vague and does not violate principles of notice within due process. Accordingly, Defendant Kahre's motion to dismiss based on lack of notice required by due process is DENIED.

III.    Fatal Defectiveness under Fed. R. Crim. P. 12(b)(3)(B)

Defendant Kahre argues that the TSI is fatally defective under Fed. R. Crim. P.12(b)(3)(B) because it fails to allege essential elements of the offense. Specifically, Defendant Kahre alleges that Count 56 is defective because it fails to allege: (1) a proceeding being administered by the IRS; (2) a relationship between Defendant Kahre's actions of giving money and property to his family members and a particular proceeding being administered by the IRS; (3) that Defendant Kahre had notice of that IRS proceeding; and (4) mens rea. (Mot. at 10-11.)

To support his claim, Defendant Kahre cites extensively to the Sixth Circuit case, United States v. Kassouf, 144 F.3d 952, 958 (6th Cir. 1998), in which that court held that to be convicted under § 7212(a), the Government must prove a proceeding or action by the IRS was pending at the time the defendant acted. In so finding, the Sixth Circuit analogized similar language in 18 U.S.C. § 1503, a statute criminalizing obstruction of justice. Id. at 956-57. Because § 1503 required proof of a pending court proceeding or action, the Sixth Circuit held that §

13

7212(a) likewise required proof of a pending IRS proceeding of which the defendant was aware.  Id.

The Ninth Circuit, however, has no such requirement.  In United States v. Massey, 419 F.3d 1008, 1010 (9th Cir. 2005), cert. denied, 547 U.S. 1132 (2006), the Ninth Circuit held that "[t]he law of this circuit establishes that the government need not prove that the defendant was aware of an ongoing tax investigation to obtain a conviction under § 7212(a)."  (citation omitted). Unpublished opinions by the Ninth Circuit have similarly held that the Government need not show an IRS proceeding was pending under § 7212(a).  See, e.g., United States v. Dain, 258 Fed. Appx. 90, 93-94 (9th Cir. 2007) (argument relying on Kassouf was "utterly devoid of merit"); United States v. Walsh, 985 F.2d 577, at * 2 (9th Cir. 1993) (government did not have to prove that a proceeding was pending before the IRS under § 7212(a)).[3]

Furthermore, Kassouf has been explicitly limited to its facts by the Sixth Circuit.  See United States v. Bowman, 173 F.3d 595, 599-600 (6th Cir. 1999) (affirming conviction under § 7212(a) when defendant submitted false tax forms and there was no IRS proceeding or investigation pending; and limiting

---

[3]Again, the Court does not cite these cases as precedential but finds their reasoning persuasive.  See Ninth Cir. R. 36-3.

Kassouf to situations where the underlying conduct was lawful, involved no misrepresentation to the IRS, and its impact on the administration of the tax code was entirely speculative).

Upon a review of the statutory text and pertinent case law, this Court concludes § 7212(a) does not require a defendant act with knowledge that an IRS investigation is on-going or imminent.  First, the text itself is broad, plainly prohibiting "any other . . . endeavors to obstruct or impede the due administration of this title."  26 U.S.C. § 7212(a).  This due administration certainly includes the collection of taxes.  See Kuball, 976 F.2d at 531(quoting Reeves, 752 F.2d at 998). Second, the weight of authority against Defendant Kahre's interpretation is significant.  Numerous courts have rejected this interpretation of § 7212(a) and limited or rejected Kassouf.  See, e.g., United States v. Wood, No. 2:07-CR-8, 2008 WL 4951065, at *3 (D. Utah Nov. 17, 2008);  United States v. Crim, No. 06-CR-00658-2, 2007 WL 4563481, at *2 (E.D. Pa. Dec. 13, 2007); United States v. Kelly, 564 F. Supp. 2d 843, 844 (N.D. Ill. 2008); United States v. Molesworth, 383 F.Supp.2d 1251, 1253-54 (D. Id. 2005); United States v. Willner, No. 07 Cr. 183(GEL), 2007 WL 2963711, at *2-3 (S.D.N.Y. Oct. 11, 2007).

Finally, this Court finds that the language of § 1503 is sufficiently different from that of § 7212(a).  The "due administration of justice" language in

15

§ 1503 follows a list of proscribed conduct directed at actual judicial proceedings. 18 U.S.C. § 1503.  For example, § 1503 makes it unlawful to interfere with the duties of grand or petit jurors, officers of the court, or witnesses.  Id.  The language of § 7212(a), on the other hand, does not place such limits on the scope of the provision.  Indeed, the language preceding the "due administration" clause of § 7212(a) only concerns interference with any person acting in an official capacity under the tax code.  26 U.S.C. § 7212(a).  Undeniably, this official capacity includes performing any number of tasks under the code, including mailing forms, maintaining records, answering taxpayer inquiries, monitoring taxpayer compliance, issuing tax refunds, and collecting taxes.

Accordingly, this Court finds that the Government has sufficiently alleged a violation of § 7212(a) without a showing that an IRS proceeding was pending.  As such, the Court DENIES Defendant Kahre's motion to dismiss based on failure to state a claim.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant Kahre's

motion to dismiss and related joinders.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 20, 2009.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE


United States v. Kahre, et al., Case No. 2:05-cr-121 DAE (RJJ); ORDER
DENYING DEFENDANT ROBERT KAHRE'S MOTION TO DISMISS COUNT
56 OF THE THIRD SUPERSEDING INDICTMENT BASED ON (1) RULE OF
LENITY AND LACK OF NOTICE REQUIRED BY DUE PROCESS; AND (2)
FATALLY DEFECTIVE PURSUANT TO RULE 12(b)(3)(B), F. R. CRIM. P.